[Crim. No. 1365.   Fourth Dist.   Oct. 30, 1958.]

THE PEOPLE, Respondent, v. JAMES DOLPHUS COLLINS, Appellant.

Russell Yeager, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was charged with the crime of pimping (violation of section 266h of the Penal Code) in that he, with knowledge that one Wanda Collins was a prostitute, did knowingly derive support and maintenance, in whole or in part, from the earnings and proceeds

of her prostitution. He was represented by the public defender at the trial, entered a plea of not guilty, and waived a jury. He was found guilty as charged. In propria persona he filed his notice of appeal. Counsel who represented him at the trial was appointed to represent him on this appeal.

Margarito Carrillo, a lettuce worker in Imperial Valley testified he was walking on the highway on the evening of December 7, 1957, and that appellant stopped his car near a bridge by a labor camp and that a woman was with defendant; that defendant called to him and inquired in Spanish, if he "Quera pinche"? and he replied "Yes"; that defendant opened the back door and signaled him to get in; that he inquired of defendant as to the price and he said "$2.00"; that he gave defendant two one-dollar bills which he folded up and placed in his pocket and drove to a place near Holtville; that the woman climbed into the back seat with him; that a small mattress was on the floor and they accomplished an act of sexual intercourse; that defendant then drove him back toward the bridge and two police officers arrested them; and that he told the officers what had happened.

It appears that a farmer near Holtville saw this Buick car with a Texas license parked near the driveway to his orchard that evening and reported it to the police as a possible burglary; that the driver was a Mexican and he could not see anyone else seated in the back seat, although he did see two other Mexicans going into the orchard. An officer subsequently stopped defendant's Buick and found Carrillo in the front seat with defendant and a woman whom defendant claimed was his wife seated between them. Defendant was searched and he had two one-dollar folded bills in his shirt pocket and four one-dollar bills folded in groups of two in his pants pocket. A quilt or mattress was partly on the seat and partly on the floor in the back.

Defendant's wife testified as a witness for the prosecution, described defendant's car and corroborated Carrillo's testimony in more detail. She testified she and defendant drove to that location earlier that evening with two other Mexican boys, and they had sexual intercourse with her and paid $2.00 each for this service. There were other circumstances corroborating the testimony of these witnesses.

Defendant contends he met three Mexicans that night, including Carrillo, and drove them to this spot, and on his return from being out in the orchard drinking vodka he saw Carrillo and his wife in the back seat but did not believe they were

engaged in having sexual intercourse; that the car lights shone on them and they left the other two Mexicans in the orchard and they did not return. He justifies his wife's testimony by saying she had been mentally ill and so testified because of fear that the law would take her 4-year-old child from her if she did not testify and corroborate the testimony of Carrillo. The report of the mental hospital where she was confined five years prior to this time showed her to have a mentality of an 8-year-old child. Defendant admitted he had served three terms in a prison on charges of burglary.

Defendant's attorney, in lieu of a brief, filed a report stating that from the factual background and his knowledge of the evidence and the law pertaining thereto, there was no legal basis upon which an appeal could be predicated, no reversible error, and defendant was afforded a fair trial. On reading the entire record we, as well as the attorney general, concur in the conclusions reached.

Judgment affirmed.

Mussell, J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.